**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

ERIC HALL, and similarly situated individuals,        CASE NO.: 5:11-cv-00470-WTH-TBS

        Plaintiffs,

v.

PAT THE PLUMBER, INC.,

        Defendant.

_____/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFFS' CLASS ACTION COMPLAINT**

COMES NOW the Defendant, PAT THE PLUMBER, INC. ("Pat the Plumber" or "Defendant"), and states its answers and affirmative defenses to the allegations in the Plaintiffs' Class Action Complaint (the "Complaint"), previously filed in state court and removed to this Court by notice dated August 15, 2011.

**Answers**

In specific response to each of the numbered paragraphs of the Complaint, the Defendant states as follows:

1.     Defendant admits only that Plaintiffs have claimed damages, not that damages are appropriate or that, if later found by the Court to be appropriate, would exceed any specific amount. Defendant specifically denies liability for damages.

2.     Defendant contends that this Court has subject matter jurisdiction over the issues raised in the Complaint and admits same solely for the purpose of establishing jurisdiction.

3.     Defendant concedes that it conducts business in Marion County and denies all other allegations of fact in ¶3 of the Complaint. Nonetheless, Defendant contends that, to the extent this Court has subject matter jurisdiction over the issues raised in the Complaint, venue would be proper

in this Division.  Defendant admits same solely for the purpose of establishing venue.

4.       Defendant admits that Pat The Plumber, Inc., is a Florida corporation.

5.       Defendant admits the allegations in ¶5 of the Complaint.

6.       Defendant admits that Pat The Plumber, Inc., conducts business in Marion County, Florida, and that at some point it employed Eric Hall.  Defendant states that it is without knowledge as to what constitutes "[a]t all times relevant hereto" and, therefore, denies allegations related to said statement.  Defendant makes no comment on the Plaintiffs' legal conclusions regarding definitions under the FLSA.

7.       Defendant states that it is without knowledge as to what constitutes "at all times relevant to this action" or the residence of Mr. Hall.

8.       Defendant states that it is without knowledge as to what constitutes "at all times material hereto" and, therefore, denies allegations related to said statement.  Defendant admits that Eric Hall was an employee of the Defendant in the past.  Defendant has no comment on the authenticity of any attachment to the Complaint or Mr. Hall's willingness to act as either a Plaintiff or a class representative in this matter.

9.       Because Plaintiffs have failed to identify any one other than Mr. Hall, Defendant is without knowledge as to the allegations in this paragraph.

10.      Defendant makes no comment on the Plaintiffs' legal conclusions regarding definitions under the FLSA.

11.      Defendant denies all allegations in this paragraph.  Defendant further denies that it has the ability to make decisions, as a corporation is not a sentient being capable of same.  Regardless, no agent of the Defendant acted "intentionally, knowingly, and willfully" in derogation of the Plaintiffs' rights under the FLSA or any other statute.

12.     Defendant states that it is without knowledge as to what constitutes "at all times material hereto" and, therefore, denies allegations related to said statement.  Defendant denies all other factual allegations in this paragraph, unless specifically admitted, and has no comment on the Plaintiffs' conclusions of law.

13.     Defendant denies that it is liable to any Plaintiff for "remaining unpaid compensation to which the Plaintiff is lawfully entitled" or that discovery will reveal any "standard of conduct" resulting in liability by the Defendant to any Plaintiff.  Defendant admits that discovery could result in Plaintiff Hall figuring out how many hours he worked for the Defendant and what compensation he received as a result.

Class Representation Allegations

14.     Defendant admits only that Plaintiff Hall filed a class action suit against the Defendant.  Defendant denies that either a class action or a collective action is appropriate.

15.     Defendant denies that there is anyone that meets the Class definition set forth by the Plaintiffs.  To the extent that either a class action or a collective action is found to be appropriate, however, Defendant denies that May 2007 would be an appropriate or relevant starting point to consider Defendant's liability.  Moreover, to the extent that this matter becomes a collective action, the Defendant believes that any Plaintiff would have the affirmative duty to "opt in" to the collective, rather than be included by circumstance.

16.     Defendant has no comment on whether the Plaintiffs' attempt to reserve rights has any legal significance.

17.     Defendant denies that there is anyone that meets the Class definition set forth by the Plaintiffs; thus, exclusions would be irrelevant.  Moreover, to the extent that this matter becomes a collective action, the Defendant believes that any Plaintiff would have the affirmative duty to "opt

in" to the collective, rather than be included by circumstance.

18.     Defendant denies that there is anyone that meets the Class definition set forth by the Plaintiffs.  Regardless, to the extent that such people might exist, the Defendant denies that they would be so numerous that joinder or individual suits would be impractical. Defendant denies all other allegations in this paragraph, unless specifically admitted.

19.     Defendant denies that there is anyone that meets the Class definition set forth by the Plaintiffs.  Regardless, to the extent that such people might exist, the Defendant denies that the individual claims would be sufficiently common to warrant a class or collective action.  Defendant denies all other allegations in this paragraph, including violations of FLSA or §448.01, Florida Statutes.

20.     Defendant denies that there is anyone that meets the Class definition set forth by the Plaintiffs.  Regardless, to the extent that such people might exist, the Defendant denies that the individual claims would be sufficiently typical to warrant a class or collective action.  Defendant denies all other allegations in this paragraph, including liability to any Plaintiff for damages, unless specifically admitted.

21.     Defendant is without knowledge as to Plaintiff Hall's commitment to this litigation, his ability to represent others in this matter, the experience level of his counsel, or the nature of his relationship to any putative class or collective action member.  Defendant contends that the only reason Mr. Hall might be representative of a class would be if that class is comprised of people whom the Defendant owes nothing.  Defendant denies all other allegations in this paragraph, unless specifically admitted.

22.     Defendant has no knowledge as to the allegations in this paragraph.

23.     Defendant denies that a class action is the appropriate procedural mechanism, let

alone the superior method, for resolution of the issues raised in the Complaint.  Defendant further

denies the "David versus Goliath" characterization implied by Plaintiffs' commenting on the

"financial resources of Defendant," especially where this matter is brought on a contingency fee

(i.e., no cost to the Plaintiffs) and where attorneys' fees could be awarded, if the Plaintiffs are

successful on the merits.  Defendant denies all other allegations in this paragraph, unless

specifically admitted.

24.     Defendant denies that a class action is the appropriate procedural mechanism for

resolution of the issues raised in the Complaint.  To the extent that the Court finds that multiple

matters should be grouped together, the Defendant submits that a collective "opt in" action would

be more appropriate.  Defendant denies all other allegations in this paragraph, unless specifically

admitted.

25.     See #24, above.

## COUNT I – Violation of Fair Labor Standards Act

26.     Defendant makes no comment on the Plaintiffs' legal conclusions regarding

definitions under the FLSA.

27.     See #26, above.

28.     Defendant states that it is without knowledge as to what constitutes "at all relevant

times" or who, other than Mr. Hall, might be considered a Plaintiff in this matter.  Defendant

concedes that Mr. Hall was previously an employee of the Defendant.  Defendant denies all other

allegations in this paragraph, unless specifically admitted.

29.     Defendant denies the allegations in this paragraph.

30.     Defendant has no knowledge of what information or beliefs the Plaintiffs hold.

Defendant denies any wrongdoing regarding its "pay system" and denies any liability to Plaintiffs

as a result of same.

31.     Defendant denies the allegations in this paragraph.

32.     Defendant denies the allegations in this paragraph.

33.     Defendant denies the allegations in this paragraph.

34.     Defendant denies the allegations in this paragraph.

35.     Defendant denies the allegations in this paragraph.

36.     Defendant denies the allegations in this paragraph.

COUNT II – Violation of §448.01, Florida Statutes

37.     Defendant concedes that Mr. Hall was previously an employee of the Defendant. Defendant denies all other allegations in this paragraph, unless specifically admitted.

38.     Defendant denies the allegations in this paragraph.

39.     Defendant admits a legal obligation to keep payroll records and denies that it has not fully satisfied same.  Defendant denies all other allegations in this paragraph, unless specifically admitted.

40.     Defendant has at all times been aware of §448.01 and denies any violation of same relative to any employee, including the putative Plaintiffs.

41.     See #40, above.

42.     Defendant has no knowledge of what information or beliefs the Plaintiffs hold. Defendant specifically denies any violation of §448.01, whether willful or otherwise, as to the Plaintiffs or anyone else.

43.     Defendant denies the allegations in this paragraph.

WHEREFORE, the Defendant, PAT THE PLUMBER, INC., having answered Plaintiffs' Class Action Complaint, requests that the claims brought by the Plaintiffs be dismissed with

prejudice and that the Court award the Defendant its reasonable attorney's fees, reimbursement of costs incurred, any applicable interest, and such other relief that the Court deems proper.

### Affirmative Defenses

In addition to the foregoing specific responses to the claims in the Plaintiffs' Class Action Complaint, the Defendant asserts the following defenses and expressly reserves the right to assert additional defenses based on information learned through discovery:

### 1st Affirmative Defense

Plaintiffs failed to state a cause of action for relief under the Fair Labor Standards Act by failing to allege the requisite elements of a cause of action.

### 2nd Affirmative Defense

Plaintiffs failed to state a cause of action for relief under §§448.01, et seq., Florida Statutes, by failing to allege the requisite elements of a cause of action.

### 3rd Affirmative Defense

Defendant denies that it violated the Fair Labor Standards Act or any other federal or state law, and it specifically denies that any alleged violations were willful.  Any acts or omissions alleged by Plaintiffs to give rise to this action were reasonable and not undertaken with reckless disregard to whether such acts or omissions violated the FLSA.

### 4th Affirmative Defense

Defendant at all times acted in good faith and had reasonable grounds for believing that its actions and omissions were in compliance with the FLSA. No liquidated damages should be awarded because the alleged actions or omissions were undertaken in good faith and do not constitute a willful violation of the FLSA.

### 5th Affirmative Defense

Some or all of the claims brought by Plaintiff Hall and/or members of the alleged group whom said Plaintiff purports to represent, the existence of such group being expressly denied, are barred in whole or in part by the applicable statutes of limitations.  Defendant pleads all applicable limitation periods, both as bars and limitations to the claims and requests for relief asserted in the Complaint and as limitations upon the evidence to be admitted or considered in connection with any proceedings in the case.

6th Affirmative Defense

Pursuant to 29 U.S.C. §259, Defendant is not liable under the FLSA, because any acts or omissions alleged by Plaintiffs to give rise to this action were undertaken in good faith and in reliance upon written administrative regulations, orders, rulings, approvals, interpretations, or written or unwritten administrative practices of the Administrator of the Wage and Hour Division of the United States Department of Labor.  Accordingly, any claims of willful violations, for a three-year limitations period, or for liquidated damages under the FLSA made by Plaintiff Hall or the alleged "similarly situated" individuals that Plaintiff Hall purports to represent, should be dismissed.

7th Affirmative Defense

The claims set forth in the Complaint are barred, in whole or in part, by the doctrine of payment, because Defendant properly compensated Plaintiff Hall and/or any alleged "similarly situated" individuals that he purports to represent (the existence of whom are expressly denied) for all sums legally due under the FLSA and under §§448.01, et seq., Florida Statutes.

8th Affirmative Defense

Defendant is entitled to offset any liability under the FLSA by additional compensation and benefits afforded to Plaintiffs, including, without limitation, gratuitous payments and payments for

time not worked.

9th Affirmative Defense

Some or all of the time allegedly worked is not compensable pursuant to the provisions of the FLSA or the Portal-to- Portal Act of 1947.

10th Affirmative Defense

Some or all of the time allegedly worked is not compensable under the *de minimis* doctrine.

11th Affirmative Defense

Plaintiffs have the burden to prove that they performed substantial work for the predominant benefit of Defendant, which Defendant knew was, and permitted to be, performed.  Plaintiffs are estopped to the extent that they failed to notify Defendant of their alleged work on behalf of Defendant.

12th Affirmative Defense

Plaintiff Hall lacks standing to raise the claims of the class of "similarly situated" individuals that Plaintiffs purport to represent, the existence of which is expressly denied.

13th Affirmative Defense

The type of claims on which Plaintiffs purport to bring a class action are matters in which individual issues predominate.  Said claims are not similar, common, or typical to those of any alleged "similarly situated" individuals, and no basis in law or fact exists for a class or collective action.

14th Affirmative Defense

To the extent the Court construes the Class Action Complaint to warrant consideration for a collective action under the FLSA, the Defendant argues that this action cannot be maintained as such, as the requirements necessary to obtain certification of a collective action under 29 U.S.C.

§216(b) cannot be established. Defendant specifically argues that Plaintiffs' pleading fails to meet even the minimal requirements necessary to justify a collective action or issuance of notice pursuant to said statute.

WHEREFORE, the Defendant, PAT THE PLUMBER, INC., having answered Plaintiffs' Class Action Complaint and having offered its affirmative defenses, requests that the claims brought by the Plaintiffs be dismissed with prejudice and that the Court award the Defendant its reasonable attorney's fees, reimbursement of costs incurred, any applicable interest, and such other relief that the Court deems proper.

RESPECTFULLY SUBMITTED this 29th day of August, by:

By: _____
KENNETH B. SCHWARTZ, ESQ.
Fla. Bar No. 478695
Kenneth B. Schwartz, P.A.
Attorneys for Defendant
1803 S. Australian Ave., Suite F
West Palm Beach, FL 33409
Tel: 561-478-5056 / Fax: 561-296-9956
E-Mail: kbs@flalaw.com

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed this 29th day of August, 2011, with the Clerk of the Court using the CM/ECF system, which will serve notice of same on Paul S. Rothstein, Esq., 626 N.E. 1st Street, Gainesville, FL 32601.

By: _____
KENNETH B. SCHWARTZ, ESQ.
Fla. Bar No. 478695