UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ERIC HALL,  on behalf of
himself and others similarly situated

    PLAINTIFF,

v.                                                       CASE NO.:5:11-cv-00470-WTH-TBS

PAT THE PLUMBER, INC.,
a Florida corporation; PATRICK WALSH,
SR., an individual; CATHERINE WALSH,
an individual

    DEFENDANTS.
_____/

## FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

COMES NOW Plaintiff ERIC HALL ("HALL"),  on behalf of himself and all others similarly situated, by and through their undersigned attorney(s), and files this First Amended Collective and Class Action Complaint against defendant, PAT THE PLUMBER, INC., a Florida Corporation ("PAT THE PLUMBER"); PATRICK WALSH, SR., an individual ("PATRICK WALSH"); and CATHERINE WALSH, an individual (collectively "Defendants"),  pursuant to state and federal law, and alleges as follows:

### JURISDICTION

1. This is an action for damages which exceed $15,000 in the aggregate, excluding attorneys fees and costs.

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it arises in part under the laws of the United States, and 28 U.S.C. § 1441.

1

3. Defendants are subject to personal jurisdiction in this District because they are domiciled in the State of Florida.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391 because Defendant PAT THE PLUMBER resides in this District and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE PARTIES

5. The Defendant, PAT THE PLUMBER, is a corporation in the State of Florida.

6. The Defendant, PAT THE PLUMBER, is a plumbing company incorporated and licensed to do business in the State of Florida and has been doing business in Florida at all times relevant to this action. Defendant PAT THE PLUMBER's principal address is 714 1st Avenue, Wildwood, FL34785. Defendant's principal place of business is in the State of Florida, and at all times relevant hereto, the Defendant maintained an office within the State of Florida, and operated within the State of Florida.

7. Defendant PATRICK WALSH, SR. is an individual who resides in the State of Florida and who is the President of PAT THE PLUMBER.

8. Defendant CATHERINE WALSH is an individual who resides in the State of Florida and who is the vice president of PAT THE PLUMBER.

9. Defendants conduct business in Marion County, Florida. At all times relevant hereto, each Defendant was an employer as defined in 29 U.S.C. § 203(d) of the Fair Labor Standards Act (the "FLSA"), was engaged in business and in commerce pursuant to 29 U.S.C. § 203(s)(1)(A)(I), and (ii) of the FLSA, and employed the Plaintiff as a nonexempt employee.

Each Defendant is an employer as defined in 29 U.S.C. § 203(d) of the FLSA, and employed the Plaintiff within the meaning of the FLSA; Defendants engaged in interstate commerce, and have an annual gross volume of sales meeting or exceeding the jurisdictional requirements of the FLSA.

10. Plaintiff, ERIC HALL, at all times relevant to this action, has been a resident of Marion County, Florida.

11. The named Plaintiff and putative class representative, ERIC HALL, is an individual who was employed by the Defendants at all times material hereto. His consent to be a Plaintiff in a Fair Labor Standards Act case is attached hereto as Exhibit "A."

12. Members of the Class are residents of the State of Florida and were employed by Defendants in the State of Florida. (The Class is defined in Paragraphs 22 and 25 of this First Amended Collective and Class Action Complaint).

## GENERAL ALLEGATIONS

13. Defendants are employers as defined in 29 U.S.C. § 203(d) of the FLSA, and employed the Plaintiff within the meaning of the FLSA; and Defendants engaged in interstate commerce, and have an annual gross volume of sales meeting or exceeding the jurisdictional requirements of the FLSA.

14. Defendants participated in payroll decisions involving the Plaintiff and the Plaintiff alleges that Defendants intentionally, knowingly, and willfully failed to compensate the Plaintiff, and others similarly situated, in accordance with the minimum wage provisions of 29 U.S.C. § 206 and the overtime provisions of 29 U.S.C. § 207.

15. Plaintiff is informed and believes, and thereon alleges that Defendants were at all times material hereto an "employer" as that term is defined at 29 U.S.C. § 203(d) of the FLSA, acting directly in establishing and maintaining a compensation system which violated the Fair Labor Standards Act.

16. PATRICK WALSH and CATHERINE WALSH make financial decisions regarding Defendant PAT THE PLUMBER. PATRICK WALSH is responsible for employment decisions. PATRICK WALSH and CATHERINE WALSH are responsible for setting the policies for Defendant PAT THE PLUMBER, setting employees' wages, setting business operating hours, and paying employees' wages.

17. At all relevant times, Defendants required their employees, including Plaintiff Hall, to report to work before their first dispatch. Defendants required Plaintiff Hall to perform, and/or knew or should have known that Plaintiff Hall was performing, work during the time between reporting to work and the first dispatch. Defendants' employees, including Plaintiff HALL, were not compensated for time between when they were required to be at work and their first dispatch, when their hours were recorded and compensated.

18. Defendants have engaged in a pattern and practice of violating the FLSA by failing to pay Plaintiff HALL and other similarly situated employees in accordance with the FLSA § 207.

19. Plaintiff is owed at least $8,081.44 in unpaid compensation.

## COLLECTIVE ACTION ALLEGATIONS

20. Plaintiff HALL brings this action on behalf of himself and all others similarly situated as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), based on Defendants' violations of the FLSA as alleged in Count I.

21. There are numerous other employees and/or former employees of Defendants who are situated similarly to Plaintiff HALL and who are eligible to be a part of this collective action.

22. The class is defined as:

    a. All persons who reside in the State of Florida who, within the applicable statute of limitations preceding the filing of this action, were employed by Defendants, were paid on an hourly basis, worked over forty hours per week and/or over ten hours per day, and subsequent to May 2007 whose wait time and receipt of bonuses were not included in the regular rate for overtime purposes and who timely opt-in to the class.

23. Excluded from the class are as follows:

    a. Any entity in which Defendants have a controlling interest, or which has a controlling interest in PAT THE PLUMBER;

    b. PAT THE PLUMBER's officers, directors, agents, servants, employees, and legal representatives, and the members of the immediate family of any such person; PAT THE PLUMBER's assigns and successors;

    c. The judge to whom this case is assigned and any member of the judge's immediate family;

    d. All persons who have properly released their claims against Defendants;

e. All persons who have filed an individual complaint against any of Defendants based on allegations contained in this First Amended Collective and Class Action Complaint; and

f. All persons who have obtained a judgment against PAT THE PLUMBER on the claims here presented on or before the date of the filing of this action.

## RULE 23 CLASS REPRESENTATION ALLEGATIONS

24. Plaintiff, ERIC HALL, brings this action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated as members of the Class (defined in Paragraph 25, below), based on Defendants' violation of Florida statutes, as alleged in Count II.

25. The Class is defined as:

a. All persons who reside in the State of Florida who, within the applicable statute of limitations preceding the filing of this action, were employed by Defendants, were paid on an hourly basis, worked over forty hours per week and/or over ten hours per day, and subsequent to May 2007 whose wait time and receipt of bonuses were not included in the regular rate for overtime purposes.

26. Plaintiff reserves the right to modify or amend the definition of the proposed Class before the Court determines whether certification is appropriate.

27. Excluded from the Class are as follows:

a. Any entity in which Defendants have a controlling interest, or which has a controlling interest in PAT THE PLUMBER;

  b. PAT THE PLUMBER's officers, directors, agents, servants, employees, and legal representatives, and the members of the immediate family of any such person; PAT THE PLUMBER's assigns and successors;

  c. The judge to whom this case is assigned and any member of the judge's immediate family;

  d. All persons who properly execute and timely file a Request for Exclusion;

  e. All persons who have properly released their claims against Defendants;

  f. All persons who have filed an individual complaint against any of Defendants based on allegations contained in this First Amended Collective and Class Action Complaint; and

  g. All persons who have obtained a judgment against PAT THE PLUMBER on the claims here presented on or before the date of the filing of this action.

**A.** **Numerosity**

28. The members of the Class are so numerous that joinder is impractical. The Class is believed to consist of hundreds of members, whose identities are within the exclusive knowledge of, and can only be ascertained by resorting to the records of Defendant. Upon information and belief, Defendant has employed a substantial number of persons in Florida. A substantial portion of persons under Defendant's employ were paid hourly and at some point in time worked more than forty (40) hours per week and/or more than ten (10) hours per day.

**B.** **Commonality**

29. There are questions of law and fact common to Plaintiff and the Class which predominate over questions affecting individual Class members. These common questions include but are not limited to:

   a. Whether Defendants violated the Fair Labor Standards Act in not paying their hourly employees appropriate compensation under the FLSA; and,

   b. Whether Defendants violated Section 448.01 of the Florida Statutes in not paying its hourly employees appropriate compensation under the statute;

**C.   Typicality**

30. Plaintiff's claims are typical of the claims of other members of the Class. Plaintiff's claims, like all members of the Class, arise from Defendants' same course of conduct. Plaintiff, like all members of the Class, sustained damages based on the same actions of Defendants and has no interests antagonistic to the interests of any members of the Classes.

**D.   Adequacy of Representation**

31. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in the prosecution of complex litigation and consumer class actions. Plaintiff and his counsel will fairly and adequately protect the interests of the Classes. There is no hostility between Plaintiff and the unnamed Class Members. Plaintiff anticipates no difficulty in the management of this litigation as a class action.

32. To prosecute this case, Plaintiffs have chosen the law firm of Paul S. Rothstein, 626 NE 1st Street, Gainesville, FL 32601. This firm is very experienced in class action litigation and has financial and legal resources to meet the substantial costs and legal issues associated with this type of litigation.

### E. Risk of Inconsistent, Varying, or Dispositive Adjudications

33. Because the claims of Class Members are so similar, the prosecution of separate actions by each Class Member would create a risk of inconsistent or varying adjudications concerning individual Class Members that would establish incompatible standards of conduct for Defendants; or the prosecution of separate claims by each Class Member would create the risk of adjudications which would be dispositive of other Class Members' claims who were not parties to the adjudications, or would substantially impair or impede the ability of other Class Members who are not a party to the adjudications to protect their interests.

### F. Superiority

34. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the amount of each Class Members' claim is small relative to the complexity of the litigation, and due to the financial resources of Defendants, Class Members cannot realistically afford to seek legal redress individually for the claims alleged herein. Therefore, absent a class action, members of the Class have no realistic likelihood of recovering their damages and Defendant's wrongful practices alleged herein will continue unabated.

35. Even if members of the Class could afford to pursue individual litigation, individualized litigation would significantly increase the delay and expense to all

parties and to the Court. Individualized litigation would also create the potential for inconsistent or contradictory rulings. In contrast, a class action presents far fewer management difficulties, allows claims to be heard which might otherwise go unheard because of the relative expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale and comprehensive supervision by a single court. Thus, a class action will allow redress for many persons whose claims would otherwise be too small to litigate individually. There will be no difficulty in the management of this action as a class action.

36. A class action is superior to individual actions in part because of the non-exhaustive factors listed below:

    a. Joinder of all class members would create extreme hardship and inconvenience the affected customers as they reside across the states;

    b. Individual claims by class members are impractical because the costs to pursue individual claims exceed the value of what any one class member has at stake. As a result, individual class members have no interest and controlling separate actions;

    c. There are no known individual class members who are interested in individually controlling the prosecution of separate actions;

    d. The interests of justice will be well served by resolving the common disputes of potential class members in one forum; and

    e. The action is manageable as a class action.

**COUNT I - VIOLATION OF FAIR LABOR STANDARDS ACT**

Plaintiff re-alleges the allegations set forth in Paragraphs 1-36 as if set forth fully verbatim herein and further alleges:

37. Defendants regularly engage in commerce and their employees handle and use goods, which have moved in interstate commerce.

38. At all relevant times, Defendants were and are employers within the meaning of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201, *et seq.* and are subject to the provisions of such Act.

39. Plaintiff and the Class, at all relevant times, were employees of Defendants, as defined by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201, *et seq.*

40. During the period of time that Plaintiff and the Class were employed by Defendants, the Plaintiff and Class performed work for which they were not compensated and in addition on occasion overtime work for which no additional compensation was paid to them by Defendant in violation of the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201, *et seq.* More specifically, Defendant violated § 207 of the FLSA by failing to pay time and one-half overtime wages to hourly non-exempt employees who constitute the Class and earned overtime pay.

41. Upon information and belief, the Defendant's pay system was unilaterally imposed upon Plaintiff and the Class.

42. The defendant's failure to compensate Plaintiff and the Class for all compensable hours violates the minimum wage and/or the maximum hour provisions of the FLSA and the regulations thereunder.

43. The defendant's failure to properly administer a scheme of compensation, including but not limited to actual time, overtime and/or comp time compensation violates the overtime provisions of the FLSA and the regulations thereunder.

44. The defendant's failure to compensate Plaintiff for all compensable hours was a willful and knowing violation of the FLSA.

45. As a direct and proximate result of Defendants' violations of the FLSA, Plaintiff HALL and the Class similarly situated have suffered damages, including but not limited to substantial delays in receipt of wages owed, by failing to receive the compensation to which they are entitled pursuant to § 207 of the FLSA.

46. The Defendant's failure to properly administer a compensation scheme for overtime was a willful and knowing violation of the FLSA.

47. Pursuant to 29 U.S.C. §§ 207, 216, Defendant owes Plaintiff and the Plaintiff Class compensation for the overtime work, an additional equal amount as liquidated damages, together with an additional sum for attorneys' fees and costs.

### COUNT II - VIOLATION OF SECTION 448.01, FLORIDA STATUTES

Plaintiff re-alleges the allegations set forth in Paragraphs 1-36 as if set forth fully verbatim herein and further alleges:

48. Plaintiff performed duties for the Defendant, and was subject to the provisions of Florida Statute 448.01 regarding the payment of overtime compensation and minimum wages.

49. During the period when the Plaintiff was employed by the Defendant, he worked in excess of ten (10) hours per day and the Defendant failed and refused to pay

        overtime compensation for hours worked in excess of ten (10) hours per day, in violation of the provisions of Florida Statute 448.01.

50. The Defendant was required by law to keep and retain possession of records showing the hours worked and wages paid to the Plaintiff.

51. Defendant knew or should have known that Florida Statute 448.01 was implicated in the payment of wages to its employees, including the Plaintiff(s).

52. The Defendant was aware of the provisions Florida Statute 448.01 relative to the wages required to be paid to the Plaintiff, failed and refused to pay wages due and lawfully owed to the Plaintiff.

53. Upon information and belief, Defendant willfully failed to pay Plaintiff and the Class wage/compensation due with regard to employment and this failure constitutes unpaid wages and are compensable under Florida Statute 448 and Florida Common Law.

54. Pursuant to Section 448.08, Florida Statutes, Plaintiff and other class members are entitled to attorney's fees and costs incurred in bringing this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on his own behalf and on behalf of all others similarly situated, demands judgment against Defendants as follows:

    A. Certifying an opt-in collective action under the FLSA and/or declaring that this action be a proper class action maintainable pursuant to Fed. R. Civ. P. 23 and declaring Plaintiff and his counsel to be representatives of the Class;

  B.  Notifying similarly situated employees of Defendants informing them that this action has been filed, the nature of the action, and their right to opt into this lawsuit (if the Court certifies a collective action under the FLSA) and/or directing that notice sufficient under Rule 23 be given to the Class (if the Court certifies a class action under Rule 23).

  C.  Finding that Defendant has violated portions of the Federal Fair Labor Standards Act;

  D.  Finding that Defendant has violated Section 448.01 of the Florida Statutes;

  E.  Awarding damages to Plaintiff and other class members and against the Defendant for unpaid back wages and overtime and for liquidated damages in a similar amount as will reasonably and fairly compensate them for their damages, together and for with interest.

  F.  Granting reasonable attorney fees and costs; and

  G.  Granting such other and further relief as it deems just and appropriate.

## **JURY TRIAL DEMANDED**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this ____ day of _____, 2011.

_____
PAUL S. ROTHSTEIN
Florida Bar No.: 310123
626 NE 1st Street
Gainesville, FL 32601
Phone: (352) 376-7650
Fax: (352) 374-7133
psr@rothsteinforjustice.com
Attorney for Plaintiff

# Exhibit A

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR MARION COUNTY, FLORIDA

| | |
|---|---|
| ERIC HALL, on behalf of Himself and others similarly situated ) | |
| ) | CLASS REPRESENTATION |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: |
| ) | |
| PAT THE PLUMBER, INC., a Florida corporation, ) | |
| ) | |
| DEFENDANT. ) | |

## Opt-In Authorization

I hereby consent to be an Opt-In Party Plaintiff in a lawsuit against PAT THE PLUMBER, INC., its officers or directors, and any other individuals who may be personally liable for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and any other applicable laws.

I worked for PAT THE PLUMBER, INC.

I hereby designate Paul S. Rothstein, to represent me in this action.

Signed: *[signature]*   Dated: 6/3/11
(Signature)
Name: ERIC HALL
Address: 2 Pecan Pass Course
Ocala FL 34472
(City) (State) (Zip Code)
Telephone: 352-220-2761
Email: Jnnyh25@aol.com

**Return to:**
Paul S. Rothstein
626 NE 1st Street
Gainesville, FL 32601
Phone: (352) 376-7650
Fax: (352) 374-7133

1