UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ERIC HALL, and similarly situated individuals,

    Plaintiff,

v.                                                  Case No. 5:11-cv-470-Oc-10TBS

PAT THE PLUMBER, INC.,

    Defendant.
_____

## ORDER

Pending before the Court is Plaintiff's Second Motion for Extension of Time to Disclose Expert Reports (Doc. 33) and his Motion for Leave to File a Substituted Second Amended Collective and Class Action Complaint (Doc. 36).

Now, for the second time, the Court feels the need to explain Local Rule 3.01(g) to counsel. See, the Court's March 9, 2012 Order (Doc. 25). If any lawyer in this case is unwilling to fulfill his responsibilities under our Local Rule that needs to be brought to the Court's attention by motion.

Local Rule 3.01(g) requires that each motion filed with the Court contain a certificate indicating that counsel has conferred with opposing counsel prior to the filing of the motion in a good faith effort to resolve the issues raised by the motion. When the judges of this federal district created the rule, it was with the intent that counsel for both parties would engage in real conversation concerning the subject of the motion, either in person or by telephone. See Howard v. Hartford Life & Accident Ins. Co., No. 3:10-cv-192-J-34TEM, 2011 U.S. Dist. LEXIS, at *16-18 (M.D. Fla. Aug. 26, 2011) ("[T]he mandates of [Local] Rule 3.01(g) . . . 'mean to speak to each other in person or by

telephone, in a good faith attempt to resolve disputed issues.'") (quoting Davis v. Apfel, No. 6:98-cv-657-Orl-22A, 2000 WL 1658575, at *2 n.1 (M.D. Fla. Aug. 14, 2000)); see also Lippy v. Metro. Cas. Ins. Co., No. 3:10-cv-727-J-34MCR, 2010 U.S. Dist. LEXIS 111982, at *3-4 (Oct. 13, 2010). A statement "to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer." M.D. FLA. R. 3.01(g).

Under the rule, the movant is tasked with the burden of initiating the dialogue. However, the undersigned interprets our local rule as imposing a duty on the opponent's lawyer to entertain the movant's telephone call, or if for some reason he cannot, to promptly initiate a return phone call. The rule imposes upon both lawyers a duty to be cordial, professional, and to deal with one another in good faith. A failure to communicate by either side is not acceptable.

Here apparently, counsel for Plaintiff e-mailed opposing counsel and has not received a response. Plaintiff's counsel needs to meet with or phone Defendants' counsel and defense counsel has an obligation to meet, or take a phone call, or if his is unavailable at the time, promptly return the call.

Now, upon due consideration, it is ORDERED that:

1. Plaintiff's Second Motion for Extension of Time to Disclose Expert Reports (Doc. 33) is **DENIED WITHOUT PREJUDICE** because of Plaintiff's failure to comply with M.D. FLA. R. 3.01(g).

2. Plaintiff's Motion for Leave to File A Substituted Second Amended Collective And Class Action Complaint (Doc. 36) is also **DENIED**

**WITHOUT PREJUDICE** because of Plaintiff's failure to comply with M.D. Fla. R. 3.01(g).

3. The motion at docket entry 32 is **DENIED AS MOOT**, as it is superseded by the motion at docket entry 36. See (Doc. 36 ¶ 2).

IT IS SO ORDERED.

DONE AND ORDERED in Ocala, Florida, on April 20, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel

3