UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ERIC HALL, CHAD LEE, and PHILIP
MEYER, on behalf of themselves
and all others similarly situated,

       Plaintiffs,                            Case No.: 5:11-cv-00470-WTH-PRL

v.

PAT THE PLUMBER, INC., a Florida corporation;
PATRICK WALSH, SR., an individual; CATHERINE
WALSH, an individual,

       Defendants.
_____/

### PLAINTIFF'S RESPONSE IN OPPOSITION
### TO DEFENDANTS' MOTION FOR CONTINUANCE

Plaintiffs oppose Defendants' request in their Motion for Continuance (Doc. 63) to continue the trial in this matter, currently scheduled for November 5, 2012 to a date at least than sixty (60) days later.

Plaintiffs and putative class members have been denied the wages owed to them for over four years.  To delay hearing their cause any longer by granting the continuance would be more than the "inconvenience" (Doc. 63, ¶8) Defendants suggest Plaintiffs consider it.  Defendants have known about the trial date for over seven months, since December 20, 2011 when the Court entered its Scheduling Order.  Doc. 21.  In all their communications with Defendants' counsel and throughout settlement negotiations, Plaintiffs' counsel have made it clear that they would not agree to a continuance of the trial date, or to any extension of time that would necessitate such a continuance.  Various settlement negotiations have taken place since the first mediation session on June 6, 2012.  Throughout that time, Defendants' counsel and Plaintiffs' counsel "discussed

1

withdrawal [of Defendants' attorney] as counsel by telephone more than once as a possibility, should settlement negotiations that took place during June and July breakdown." Unopposed Motion of Kenneth B. Schwartz to Withdraw as Counsel for the Defendants, Doc. 64, ¶15. Defendants should have been preparing for that contingency by seeking alternative counsel. Apparently they have not done so, and Plaintiffs' cause should not be delayed by Defendants' lack of diligence.

This case has been designated a Track Two case. *See* Notice of Designation Under Local Rule 3.05, Doc. 6. In Track Two cases, "a motion for continuance of any pretrial conference, hearing or trial is distinctly disfavored after entry of the Case Management and Scheduling Order." M.D. Fla. L.R. 3.05(c)(2)(E). "A lawyer's withdrawal does not afford a party an absolute right to a continuance." Arabian American Oil Co. v. Scarfone, 939 F.2d 1472, 1479 (11th Cir. 1991).

Contrary to their assertions, Defendants have not moved with "adequate diligence" (Doc. 63, ¶7) to ready their case prior to trial. Plaintiff previously served interrogatories, requests to produce, and requests for admission to which Defendants have responded, after numerous extensions agreed to by Plaintiffs amounting to over sixty days of additional time. Defendants' dilatory approach to discovery responses necessitated Plaintiffs filing a motion to compel. Doc. 28. Though this case has been pending for over one year, Defendants have not yet requested any discovery from Plaintiffs, nor scheduled any depositions. Defendants have twice delayed filing answers to amended complaints. Defendants' answer to the First Amended Collective and Class Action Complaint was over 70 days overdue, and Defendants were over 40 days late in filing their answer to the Substituted Second Amended Complaint, which was just filed on July 20, 2012 upon Magistrate Judge Lammens' order. *See* Doc. 20 (First Amended Complaint, filed

December 16, 2011); Doc. 29 (Answer to First Amended Complaint, filed March 15, 2012); Doc. 45 (Substituted Second Amended Complaint, filed May 21, 2012); Doc. 61 (Answer to Substituted Second Amended Complaint, filed July 20, 2012); Fed. R. Civ. P. 15(a)(3) ("Unless the court orders otherwise, any required response to an amended pleading must be made . . . within 14 days after service of the amended pleading. . .").

Nor is it true, as asserted by Defendants, that Plaintiffs "would not … suffer any true inconvenience" (Doc. 63, ¶8) if the requested continuance were granted. In addition to an unwarranted delay in having their cause heard, Plaintiffs face the very real risk, articulated so well by Defendants themselves, that before Plaintiffs can try their case Defendants will "file petitions for bankruptcy and get any possible debt created by this inchoate litigation discharged." Doc. 63, ¶10. Plaintiffs can only assume that this is indeed a primary purpose of Defendants in filing this motion for continuance.

The fact that Plaintiffs noticed depositions, served discovery requests, and filed their Motion for Conditional Certification of a Collective Action on July 20, 2012 is not surprising, considering that Plaintiffs had waited to serve and file those documents to see if the case could be resolved through mediation and settlement negotiations. Negotiations broke down on July 20, so Plaintiffs moved expeditiously on that date to prepare their case in anticipation of trial. Defendants' speculation in ¶9 that Plaintiffs merely want to have the upper hand against unrepresented opponents rings hollow.

The second factor cited by Defendants from *Romero v. Drummond Co.*, 552 F.3d 1303, 1320 (11th Cir. 2008) as bearing on whether good cause exists for a continuance, "the likelihood that the need for a continuance would have been remedied had the continuance been granted," weighs against Defendants' request. Defendants are "wholly unable to pay" their current

3

attorney (Doc. 63, ¶5), and are indebted to him for about $8,000. Unopposed Motion of Kenneth B. Schwartz to Withdraw as Counsel for the Defendants, Doc. 64, ¶4. "There is no reasonable expectation that the clients will ever be able to pay either the amount presently past due or any amount for future attorney work necessary to defend the clients' interests in this matter." Doc. 64, ¶4. Given that there is no reasonable expectation of Defendants being able to afford an attorney to defend their interests, granting them more time will have no effect on their ability to acquire counsel.

This Court should deny Defendants' motion for a continuance, and the case should proceed on its current schedule, with the trial term beginning on November 5, 2012.

Respectfully submitted this 24th day of July, 2012.

    /s/ Paul S. Rothstein
Paul S. Rothstein
Attorney for Plaintiff
Florida Bar No.: 310123
626 NE 1st Street
Gainesville, FL 32601
Phone: (352) 376-7650
Fax:    (352) 374-7133
psr@rothsteinforjustice.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 24, 2012 I electronically filed the foregoing PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT' MOTION FOR CONTINUANCE with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action.

    /s/ Paul S. Rothstein
Paul S. Rothstein