UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ERIC HALL, CHAD LEE, and PHILIP
MEYER, on behalf of themselves
and all others similarly situated,

        Plaintiffs,                            Case No.: 5:11-cv-00470-WTH-PRL

v.

PAT THE PLUMBER, INC., a Florida corporation;
PATRICK WALSH, SR., an individual; CATHERINE
WALSH, an individual,

        Defendants.
_____/

**PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' LETTER
OF SEPTEMBER 10, 2012 [DOC. 79] AND ALL ATTACHMENTS AND EXHIBITS**

      Plaintiffs Eric Hall, Chad Lee, and Philip Meyer, on their own behalf and on behalf of all similarly situated individuals, hereby move this Court to strike the letter filed by Patrick Walsh and Catherine Walsh on September 10, 2012 [Doc. 79] in its entirety, including all exhibits and attachments. In support of this motion, Plaintiffs show the following:

      1.     By Order dated August 30, 2012 [Doc. 77], this Court prohibited Patrick Walsh and Catherine Walsh from having "any contact (written, spoken, or otherwise)" with Eric Hall, Chad Lee, Philip Meyer, and Francisco Medina. The letters attached to Defendants' September 10, 2012 correspondence are the product of Defendants' wholly improper contact with parties who represent putative Rule 23 and FLSA collective action classes, and who are themselves represented by counsel.

      2.     Courts are quick to limit defendant-class member communications, and even sanction defendants for improper communications with class members. *See, e.g., Kleiner v. First*

1

*Nat'l Bank of Atlanta*, 751 F.2d 1193 (11th Cir. 1985); *Castillo v. Hernandez*, 2011 WL 1528762 (W.D. Tex., 2011); *Recinos-Recinos v. Express Forestry, Inc.*, 2006 WL 197030 (E.D. La. 2006). Courts have rejected attempts by defendants to persuade class members to opt-out of the class action even before the court has determined that the case may proceed as a class action. "Courts are concerned that such communications [by defendants] may prevent class members from making informed decisions about exclusion." 5 Newberg on Class Actions, supra, §15:19. "The solicitation of exclusions from a pending class action by a defendant before the court has determined that the case may proceed as a class action constitutes a serious challenge to the authority of the court to have some control over communications with class members." *Id*.

    3.    Courts have specifically prohibited defendants from communicating with named plaintiffs, even before any rulings on motions for class certification or preliminary certification of a collective action. *See Recinos-Recinos*, 2006 WL 197030 at *1, *3, *11. In *Recinos-Recinos*, the plaintiffs alleged that defendants were attempting to bribe "named and/or opt-in plaintiffs" to withdraw from the suit. *Id.* at *3. There, the court prohibited defendants from contacting "plaintiffs, opt-in plaintiffs, potential class plaintiffs and their families. . ." *Id.* at *11.

    4.    In order to avoid allowing Defendants to benefit from their improper conduct, this Court should refuse to consider the purported product of that contact, *i.e.*, the attachments to Defendants' letter of September 10, 2012 [Doc. 79], as well as Defendants' letter itself, since it references the contents of those attachments.

    WHEREFORE, Plaintiffs respectfully request that this Court enter an Order:

    A.    Striking and refusing to consider Defendants' letter of September 10, 2012 [Doc. 79] in its entirety, including any and all attachments and exhibits thereto, from the record; and

B.       Granting any and all other relief this Court deems just and proper.

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Plaintiffs has been unable to confer with counsel for Defendants because to Plaintiffs' knowledge, as detailed above, Defendants are unrepresented.

Respectfully submitted this 12th day of September, 2012.

        /s/ Paul S. Rothstein
Paul S. Rothstein
Attorney for Plaintiffs
Florida Bar No.: 310123
626 NE 1st Street
Gainesville, FL 32601
Phone: (352) 376-7650
Fax:    (352) 374-7133
psr@rothsteinforjustice.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 12, 2012 I electronically filed the foregoing PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' LETTER OF SEPTEMBER 10, 2012 [DOC. 79] AND ALL ATTACHMENTS AND EXHIBITS with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action. I sent a copy of the foregoing to Pat the Plumber, Inc. by facsimile to (352) 748-7899 and by United States Mail to its registered agent, Catherine Walsh at 5535 Saddleback Court, Lady Lake, FL 32159. I sent a copy of the foregoing to the individual Defendants Patrick Walsh, Sr. and Catherine Walsh by United States Mail to 5535 Saddleback Court, Lady Lake, FL 32159. I sent a copy of the foregoing to all Defendants by United States Mail to 714 1st Ave, Wildwood, FL 34785.

        /s/ Paul S. Rothstein
Paul S. Rothstein