**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

ERIC HALL, CHAD LEE, and PHILIP MEYER, on behalf of themselves and all others similarly situated,

Plaintiffs, Case No.: 5:11-cv-00470-WTH-PRL

v.

PAT THE PLUMBER, INC., a Florida corporation; PATRICK WALSH, SR., an individual; CATHERINE WALSH, an individual,

Defendants.
________________________________________/

**PLAINTIFFS' MOTION TO COMPEL DISCOVERY**

Plaintiffs Eric Hall, Chad Lee, and Philip Meyer, on their own behalf and on behalf of all similarly situated individuals, hereby move this Court to compel Defendants to respond to Plaintiffs' discovery requests. In support of this motion, Plaintiffs show the following:

1. On December 2, 2011 Plaintiffs served Plaintiff's First Request for Production on Defendant Pat the Plumber, Inc. (attached as Exhibit A), and on April 16, 2012 Defendants served their Amended Responses to Plaintiff's First Request for Production (attached as Exhibit B). Defendants provided responsive documents as to Plaintiff Hall, but refused to provide any documents regarding other putative class members. *See* Responses, quoted below, Ex. B. This motion applies to the following requests and responses (*see* Ex. A and Ex. B; Defendants' responses are in bold after each request):

> 2. All documents related to your policy regarding when employees were required to report to work.

**Defendants object to providing documentation related to any individual other than Eric Hall, based on relevance, lack of materiality, and privacy concerns (FN 1 – Defendants were first advised on April 4, 2012 that Plaintiff Hall intended to move to amend his complaint to include two other individuals. To date, no such amendment has happened. Should such a motion be granted, the Defendant will amend his answers in this response with the same or similar objection to provide responsive documents related to the newly added plaintiffs.). Notwithstanding said objection and without waving [sic] same, responsive documents related to Mr. Hall were previously provided, and additional responsive documents are attached.**[1]

3. All documents related to your policy and procedures regarding recording time, including but not limited to overtime and time between when employees were required to be at work and when they were dispatched to their first job.

**See #2, above.**

4. All documents related to your policy and procedures regarding overtime hours and overtime pay.

**See #2, above.**

5. All documents related to the policies and procedures for dispatching employees to jobs.

**See #2, above.**

6. All documents related to the policies and procedures for calculating and paying bonuses.

**See #2, above.**

[. . .]

8. All documents related to the U.S. Department of Labor's Wage and Hour Division's investigation of Pat the Plumber, Inc., Case Identification Number 1581688, including but not limited to all parts of Form WH-56 created by the Wage and Hour Division and provided to Pat the Plumber, Inc.

---

[1] [In response to this and other Requests to Produce, Defendants produced detailed time records, as well as employee records, for Plaintiff Hall. Thus, Defendants clearly consider these types of documents to be responsive to these discovery requests. Additionally, though Chad Lee and Philip Meyer are now Named Plaintiffs, and Defendant was provided Francisco Medina's opt-in authorization, no additional discovery has been forthcoming regarding those individuals.]

**Defendants object to providing documentation related to any individual other than Eric Hall, based on relevance, lack of materiality, potential prejudice, and privacy concerns. Notwithstanding said objections and without waiving same, responsive documents related to Mr. Hall, including correspondence is attached, as is a redacted copy of the DOL's form WH-56 and a redacted DOL cover letter.**

[. . .]

10. All employee records regarding any employee listed on Form WH-56 (referenced above) [Form WH-56 was created by the U.S. Department of Labor's Wage and Hour Division as part of the investigation of Pat the Plumber, Inc.], including but not limited to all records related to the time those employees arrived at work; overtime hours; hours worked; vacation time; paid time off; days not worked because of holidays, vacation, or any other reason; bonuses; and rate of pay.

**Defendants object to providing documentation related to any individual other than Eric Hall, based on relevance, lack of materiality, and privacy concerns. Notwithstanding said objection and without waiving same, responsive documents related to Mr. Hall are attached.**

11. All information regarding any employee listed on Form WH-56 (referenced above), including but not limited to the most recent contact information, social security number, and date of birth.

**See #10, above.**

12. All information regarding any employee who worked for Pat the Plumber, Inc. during the same time period that Plaintiff Hall worked for Pat the Plumber, Inc., including but not limited to the most recent contact information, social security number, and date of birth.

**Defendants object to providing documentation related to any individual other than Eric Hall, based on relevance, lack of materiality, and privacy concerns.**

[. . .]

19. All records for Plaintiff Hall, any employee of Pat the Plumber, Inc. listed on Form WH-56 (referenced above) and/or who were employed by Pat the Plumber, Inc. during the time period that Plaintiff Hall was employed by Pat the Plumber, Inc., showing the time they began to log their hours each day, and the time they stopped logging their hours each day.

> **Defendants object to providing documentation related to any individual other than Eric Hall, based on relevance, lack of materiality, and privacy concerns. Notwithstanding said objection and without waiving same, payroll records for Mr. Hall showing log in/out times were previously provided.**

2. On July 20, 2012 Plaintiffs served on Defendants' counsel at the time, Kenneth B. Schwartz, a number of discovery requests, including Plaintiffs' First 30(b)(6) Deposition Notice and 30(b)(2) Document Request (attached as Exhibit C). In that Notice/Request Plaintiffs requested documents and information pertaining to employees listed on Form WH-56 as well as when employees were required to report to work; recording time; and overtime hours and pay. Complete responses to these requests would have included employee records, including time and pay records, for all employees. Defendants have not responded to those requests. Those requests, to which this motion also applies, include:

> 2. Produce all documents related to Pat the Plumber, Inc.'s policies and procedures regarding (a) when employees were required to report to work; (b) recording time, including but not limited to overtime and time between when employees were required to be at work and when they were dispatched to their first job; (c) overtime hours and overtime pay; (d) dispatching employees to jobs; (e) calculating and paying bonuses; (f) time off for holidays, vacation, or any other reason.
>
> 3. Produce all employee records regarding any employee listed on Form WH-56, prepared by the Wage and Hour Board of the U.S. Department of Labor and identifying those employees entitled to compensation under the FLSA pursuant to the investigation of Pat the Plumber, Inc. (and specifically including former employees Chad Lee, Philip Meyer, and Francisco Medina) including but not limited to all records related to the time those employees arrived at work; overtime hours; hours worked; vacation time; paid time off; days not worked because of holidays, vacation, or any other reason; bonuses; and rate of pay.

*See* Ex. C.

5. Defendants should be compelled to provide the documents and information for all employees requested in this motion, and in the discovery requests discussed above, because this

case is a putative Rule 23 class action and FLSA collective action, and the documents and information requested are material and relevant both to the Rule 23 Motion for Class Certification and to the claims of the class members. On July 20, 2012 Plaintiffs filed their Motion for Conditional Certification of a Collective Action and Judicial Notice [Doc. 62], which noted that Defendants objected to Plaintiffs' requests for information regarding the putative class members absent collective or class action certification and requested that if the motion was granted the Court order Defendants to provide Plaintiffs with information regarding those class members. [Doc. 62, p. 12]. Defendants have not filed any opposition to that motion. On August 28, 2012 Plaintiffs filed their Motion for Rule 23 Class Certification and Incorporated Memorandum of Law [Doc. 71]. Defendants have not filed any opposition to the Rule 23 motion either. This motion should be granted because the employee records of class members are material and relevant to the Rule 23 requirements of numerosity, commonality and typicality. *See Titre v. S.W. Bach & Co.*, 2005 WL 1692508, *2 (S.D. Fla. 2005) (overruling Defendant's objection to an interrogatory seeking information regarding putative class members prior to collective action certification where the information was relevant independent of being used to notice class members). If class members have similar dispatch times and/or were required to report to work at the same time as the named plaintiffs, this would support Plaintiffs' Rule 23 motion. Such records, as well as the unredacted Form WH-56 from the Department of Labor, are relevant to show class members' damages. *See Titre*, 2005 WL 1692508 at *2. The names and contact information of class members are relevant and material to the discovery of additional evidence regarding Defendants' acts, practices and policies. *See id.*; *see also Reyes v. AT&T Corp.*, 801 F.Supp.2d 1350, 1362 (S.D. Fla. 2011) (Report and Recommendation noted that

Plaintiff's request for a list of putative class members' names and addresses was information that "would likely be available through a formal request for production or interrogatory. . .").

6. On August 21, 2012 Plaintiffs' counsel mailed and faxed a letter to Defendants addressing Defendants' deficient and absent discovery responses and requesting responses to the discovery discussed above, including employee records and contact information for all of Defendants' employees. To date no Defendant has responded to that letter.

WHEREFORE, Plaintiffs respectfully request that this Court enter an Order:

A. Compelling Defendants to provide Plaintiffs the employee records, including detailed time records and payroll records, of all plumbers and apprentices employed by Defendants from 2006 through the present;

B. Compelling Defendants to provide Plaintiffs an unredacted copy of Form WH-56;

C. Compelling Defendants to provide Plaintiffs a list of names and most recent contact information for all plumbers and apprentices employed by Defendants from 2006 through the present; and

D. Granting any and all other relief this Court deems just and proper.

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Plaintiffs has been unable to confer with counsel for Defendants because to Plaintiffs' knowledge Defendants are unrepresented. The undersigned hereby certifies that on August 21, 2012 counsel for Plaintiffs mailed a letter addressing foregoing discovery issues to Defendants at 5535 Saddleback Court, Lady Lake, FL 32159, and faxed that letter to Pat the Plumber, Inc.'s fax number: (352) 748-7899. No Defendant has responded to that letter to date.

Respectfully submitted this 12th day of September, 2012.

/s/ Paul S. Rothstein

Paul S. Rothstein
Attorney for Plaintiffs
Florida Bar No.: 310123
626 NE 1st Street
Gainesville, FL 32601
Phone: (352) 376-7650
Fax: (352) 374-7133
psr@rothsteinforjustice.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 12, 2012 I electronically filed the foregoing PLAINTIFF'S MOTION TO COMPEL DISCOVERY with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action. I sent a copy of the foregoing to Pat the Plumber, Inc. by facsimile to (352) 748-7899 and by United States Mail to its registered agent, Catherine Walsh at 5535 Saddleback Court, Lady Lake, FL 32159. I sent a copy of the foregoing to the individual Defendants Patrick Walsh, Sr. and Catherine Walsh by United States Mail to 5535 Saddleback Court, Lady Lake, FL 32159. I sent a copy of the foregoing to all Defendants by United States Mail to 714 1st Ave, Wildwood, FL 34785.

/s/ Paul S. Rothstein

Paul S. Rothstein